**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                          3:13-cr-41-J-34MCR

EUGENE BRUCE GRISSETT

_____

# **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Suppress (Doc. 33) filed June 21, 2013.  The Government filed a Response in Opposition to Defendant's Motion on July 12, 2013.  (Doc. 38).  An evidentiary hearing was held before the undersigned on July 16, 2013 and the parties requested, and received, permission to submit additional briefing.  (Docs. 43, 45).  For the reasons stated below, and based upon a review of the record as a whole, it is hereby **RECOMMENDED** that Defendant's Motion to Suppress (Doc. 33) be **DENIED** in its entirety.

## **I.     BACKGROUND**

Defendant Eugene Bruce Grissett is charged with knowingly possessing a firearm after having been convicted of crimes punishable by imprisonment for a term exceeding one year in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).  (Doc. 1).  The evidence which forms the basis for this charge was obtained as a

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1) and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

result of a stop and subsequent search of Defendant's person while he was riding his bicycle on a residential street in Jacksonville, Florida on December 9, 2012.

## II.    EVIDENCE PRESENTED AT THE HEARING[2]

During the evidentiary hearing before the undersigned on July 16, 2013, the Government presented the testimony of Officer R.D. Mills of the Jacksonville Sheriff's Office ("JSO"), who initiated Defendant's arrest.  There was no evidence presented by Defendant.

At approximately 8:00 p.m. on the evening of December 9, 2012, Officer Mills was traveling westbound in a marked police vehicle on W. 25th Street in Jacksonville, Florida, when he observed Defendant riding his bicycle in or near the middle of the road, in violation of Florida Statute § 316.2065(5)(a).  (Tr. 5:20, 9:2-3, 11:15).  Officer Mills then followed Defendant for a approximately half a city block and turned his stoplight on signaling Defendant to stop.  (Tr. 11:15, 13:1).

After stopping the bicycle, Officer Mills instructed Defendant to step in front of his patrol car.[3]  (Tr. 14:3).  Officer Mills then asked Defendant if he had any weapons on his person and Defendant stated that he had a gun.  (Tr. 16:4-5).  Officer Mills instructed Defendant to put his hands on the front of the patrol car and asked where the gun was located.  (Tr. 16:6-8).  According to Officer Mills, Defendant then began to reach towards his right jacket pocket when Officer Mills stopped him and retrieved the gun

---

[2]    References to the transcript of the evidentiary hearing conducted on July 16, 2013, will be "Tr. Page number : line number(s)."  Citations are to the filed transcript (Doc. __).

[3]    According to Officer Mills, this is normal protocol to ensure the safety of the officer and Defendant.  (Tr. 14:5-10).

from Defendant's pocket.⁴  (Tr. 16:15-19).  After retrieving the gun, Officer Mills asked Defendant if he had any other weapons.  (Tr. 19:11).  Defendant told Officer Mills he had a small amount of marijuana and removed it from his left sock.  (Tr. 19:15, 20:4).

Another JSO officer arrived at the scene and Defendant was placed under arrest and put in back of the patrol car.  (Tr. 20:10-11).  At that time, Officer Mills advised Defendant of his Miranda rights.  (Tr. 20:21-22).  Defendant admitted that he was a convicted felon and agreed to make a written statement.  (Tr. 22:1-2, 16).  In said statement, Defendant stated that he found the handgun in its current condition underneath an overpass.  (Gov. Ex. 2).

Defendant was booked at the Duval County Jail and, in addition to criminal charges, Officer Mills issued a traffic citation for failing to ride his bicycle as close as practicable to the right hand side of the road.⁵  (Tr. 27:8, Gov. Ex. 3).  It is undisputed that Defendant remained fully compliant throughout the course of his arrest.  (Tr. 16:18).

## III. ANALYSIS

In Defendant's Motion to Suppress, he seeks suppression of the Smith and Wesson Model revolver seized on December 9, 2012 and any statements made at that time.  (Doc. 33, p. 1).  Defendant argues that the firearm was seized as the result of a stop and subsequent search of his person, without probable cause, in violation of the

---

⁴  Specifically, Officer Mills recovered a Smith and Wesson Model .38 caliber revolver, which was inside a clear plastic bag and loaded with 5 rounds of ammunition.  (Tr. 17:1, 15-22).  The serial number on the gun had been obliterated.  (Tr. 18:20).

⁵  At the hearing, Officer Mills testified that he issues citations for bicycle infractions "semi-regularly".  (Tr. 33:23).

Fourth Amendment of the United States Constitution. Thus, Defendant contends, that the statements made during the course of his arrest were obtained subsequent to an illegal stop, in violation of the Fourth and Fifth Amendments. (Id.).

### 1. Lawful Stop

It is undisputed that the stop of a bicyclist is lawful, regardless of the officer's motive, if the stop is based on probable cause that a traffic violation has occurred. See (Docs. 43, 45); see also Whren v. United States, 517 U.S. 806, 810-11 (1996); United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997). Here, Officer Mills testified that he observed Defendant riding his bicycle in or near the middle of the road, in violation of Florida Statute § 316.2065(5)(a). (Tr. 5:20, 9:2-3, 11:15).

Pursuant to Florida Statute § 316.2065(5)(a):

> Any person operating a bicycle upon a roadway at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride in the lane marked for bicycle use or, if no lane is marked for bicycle use, as close as practicable to the right-hand curb or edge of the roadway except under any of the following situations:
>
> 1. When overtaking and passing another bicycle or vehicle proceeding in the same direction.
>
> 2. When preparing for a left turn at an intersection or into a private road or driveway.
>
> 3. When reasonably necessary to avoid any condition, including, but not limited to, a fixed or moving object, parked or moving vehicle, bicycle, pedestrian, animal, surface hazard, or substandard-width lane, that makes it unsafe to continue along the right-hand curb or edge. For the purposes of this subsection, a "substandard width lane" is a lane that is too narrow for a bicycle and another vehicle to travel safely side by side within the lane.

Fla. Stat. § 316.2065(5)(a). Thus, the statute demands that bicyclists ride in the bicycle lane or, if no bicycle lane is available, as far to the right side of the road as possible. (Id.).

Defendant argues that Officer Mills did not have probable cause to make the initial stop because he was riding his bicycle in the middle of the lane in order to make a left-hand turn into the driveway of a store.[6] See (Doc. 43). However, Officer Mills testified that he did not recall if he knew there was a store at that location at the time of the stop and there were no signs indicating there was a store located where Defendant alleged to be making a turn. (Tr. 26:21,27:2). In addition, it appears to be undisputed that Defendant did not signal his alleged intent to make a turn. See Fla. Stat. §§ 316.155(1), (2), 316.156(1) (vehicles, including bicycles, must signal their intention to turn by hand and arm or signal lamps). Thus, based on Officer Mills' knowledge at the time, and the undisputed testimony that Defendant was riding his bicycle near the center of the road, the undersigned concludes that the initial stop was lawful. See United States v. Martin, 636 F.2d 974, 976 (5th Cir. 1981) ("[T]he reasonableness of the stop must be judged on the facts known to the officer at the time of the stop"); see also United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003) ("A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment") (citations omitted).

---

[6] Officer Mills testified that he recalls Plaintiff saying he was on his way to the store. (Tr. 25:21-22).

### 2.   Search and Statements Made Subsequent to a Lawful Stop

After an officer has conducted a stop, he can lawfully pat down or frisk the individual if the officer reasonably believes that his safety or the safety of others is threatened. U.S. v. Griffin, 696 F.3d 1354, 1358 (2012). In addition, questions unrelated to a valid stop do not give rise to a Fourth Amendment issue unless they measurably extend the duration of the stop. U.S. v. Griffin, 696 F.3d 1354, 1362 (2012). Id. at 1362 (internal quotation omitted).

As above-stated, the undersigned concludes that Officer Mills conducted a lawful stop after observing Defendant violating Florida Statute § 316.2065(5)(a). After stopping Defendant, Officer Mills reasonably inquired if Defendant had any weapons on his person.[7] Defendant's admission that he was in possession of a gun gave Officer Mills the reasonable belief that his safety was threatened. Therefore, Officer Mills was within his lawful ability to frisk or pat down Defendant, and subsequently seize the gun from his person. Further, because the undersigned finds Defendant's rights have not been violated, his statements are not "fruits of the poisonous tree" and should not be suppressed.[8]

### IV.   CONCLUSION

Accordingly, after due consideration, it is respectfully

---

[7]   Officer Mills testified that this question is not out of the ordinary, especially considering that the stop occurred at dark in a high crime area. (Tr. 10:3-7).

[8]   There has been no argument made that the questions asked by the officer extended the duration of the stop, thus invoking a Fourth Amendment issue.

**RECOMMENDED**:

Defendant's Motion to Suppress (Doc. 33) be **DENIED**.

**DONE AND ENTERED** in Jacksonville, Florida this  8th  day of August, 2013.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record